# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:14-cv-30-FDW

| | |
|---|---|
| ALEXANDER H. SHEPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MIKE SLAGLE, ) | |
| DR. ROBERT UHREN, ) | |
| ELLEN WILEY, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). See 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina following his conviction for armed robbery in September 1986 in Guilford County Superior Court. In his pro se complaint, Plaintiff alleges that the defendants have been deliberately indifferent to his serious medical needs because they have refused to prescribe him a new hepatitis medication. Plaintiff contends that he contracted Hepatitis-C in 2008, and he received treatment until 2010, at which time he had to discontinue the use of the treatment due to complications. Plaintiff asserts that there are new treatment options that he has requested but the defendants are apparently refusing to prescribe any of the new medications.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or

1

dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

In his § 1983 complaint, Plaintiff contends that he is not receiving appropriate medical treatment because he has not been provided with a new medicine to address his Hepatitis-C condition. Claims under 42 U.S.C. § 1983 based on an alleged lack of, or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, the plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mount Rainer, 238 F.3d 567, 575-76 (2001) (citing White ex rel. White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference . . . implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice."). To be sure, "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." Abraham v. McDonald, 493 F. App'x 465, 466 (4th

Cir. 2012) (per curiam) (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). See also Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished) ("Under the applicable legal principles, a significant delay in the treatment of a serious medical condition may, in the proper circumstances, indicate an Eighth Amendment violation.") (citing Estelle, 429 U.S. at 104-05) (a prisoner may make a showing of deliberate indifference by alleging that defendants were "intentionally denying or delaying access to medical care.").

Plaintiff submitted an inmate request form on May 21, 2013, seeking assistance with securing a referral to a hepatology clinic and he was informed that the referral could only be made by submitting a sick call request. (1:14-cv-30, Doc. No. 1 at 13). On August 1, 2013, Plaintiff submitted a second inmate request form and again requested a referral to a hepatology clinic. Plaintiff complained that he had made a request to Dr. Uhren for assistance in obtaining a new treatment for his Hepatitis-C condition but Dr. Uhren "appears to be refusing." (Id. at 15). Defendant Wiley served Plaintiff with a written response dated August 8, 2013, and informed Plaintiff that he was scheduled to meet with Dr. Uhren to discuss treatment options for his Hepatitis-C and that Defendant Wiley would be present for the meeting. (Id.).

Plaintiff later filed a written grievance through the prison's administrative remedy procedure and complained about the method and course of his treatment for Hepatitis-C.[1] In the written response at Step One, the grievance examiner noted that Plaintiff met with Dr. Uhren on June 21, 2013, regarding his treatment and it was noted that Dr. Uhren discussed his ongoing method of treatment and that his Hepatitis was being closely monitored by Dr. Uhren and that Plaintiff was presently "receiving injections for the Hepatitis and based on your response the provider will adjust treatment." Plaintiff was also encouraged to submit a sick call if he had any

---

[1] In North Carolina, State prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); see also Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

3

further complications and he would be seen immediately. (Id., Doc. No. 11-1). In the Step Two response which is dated August 13, 2013, Defendant Slagle noted that "Dr. Uhren conferred with the specialist regarding [Plaintiff's] concerns on 08/09/2013. It was noted that medical professionals are currently awaiting availability of new medication that will be tried upon receipt. Based on this action it is found that your concerns have been addressed." (Id., Doc. No. 11-1). Plaintiff appealed this finding and his grievance was dismissed following his Step Three appeal after the examiner found that he was receiving adequate medical treatment for his Hepatitis-C condition. (Id.).[2]

"[S]ociety does not expect that prisoners will have unqualified access to health care;" thus to implicate the protections of the Eighth Amendment, the deliberate indifference must be sufficiently serious. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Importantly, the mere disagreement with the course of medical treatment will not support an Eighth Amendment claim for deliberate indifference to serious medical needs. Estelle, 429 U.S. at 97; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1984). Plaintiff's contention that one or more of the defendants have been deliberately indifferent is simply not supported by the record. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cri. 1990), overruled in part on other grounds by, Farmer v. Brennan, 511 U.S. 825(1994)). At best, Plaintiff's complaint states a disagreement with the method and course of his medical treatment, however that is insufficient to support a finding of deliberate indifference in a § 1983 action on the facts as presented here. See

---

[2] The Court finds that the documents evidencing Plaintiff's participation in the prison's administrative remedy procedure are reliable and authentic and integral to an understanding of Plaintiff's complaint. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Young, supra ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.") (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

2. Plaintiff's motion for expedited review is **DENIED**. (Doc. No. 4).

3. Plaintiff's motion for order to show cause for a preliminary injunction and temporary restraining order is **DENIED**. (Doc. No. 8).

4. Plaintiff's motions for order directing service of process are **DENIED**. (Doc. Nos. 13 and 14).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 7, 2014

Frank D. Whitney
Chief United States District Judge