UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-30-FDW

| | |
|---|---|
| ALEXANDER H. SHEPARD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MIKE SLAGLE, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Letter, (Doc. No. 23), that is construed as a Motion requesting that the filing fee be waived because his Complaint was dismissed without prejudice.

The Prison Litigation Reform Act ("PLRA") provides that, "if a prisoner brings a civil action … *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee…." 28 U.S.C. § 1915(b)(1). Thus, the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, … [and] by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court." McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) (citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Goins v. Decaro, 241 F.3d 260, 262 (2d Cir. 2001) ("we are not at liberty to read into the PLRA judicial authority to cancel remaining indebtedness for withdrawn appeals."); Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997) ("the filing fee is to be assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter.").

Plaintiff is still required to pay the full filing fee even though the Complaint was dismissed

without prejudice, and therefore, his request to vacate the filing fee is denied.  See McGore, 114 F.3d at 607; 28 U.S.C. § 1915(b)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Letter, (Doc. No. 23), is construed as a Motion requesting that the filing fee be waived and is **DENIED**.

Signed: May 10, 2019

Frank D. Whitney
Chief United States District Judge